| | |
|---|---|
| **ROBERT WISNIEWSKI P.C.**<br>ATTORNEYS-AT-LAW | 17 STATE STREET, SUITE 820 • NEW YORK, NY 10004<br>TEL: (212) 267-2101 • WEB: www.rwapc.com |

May 31, 2022

Hon. Leda Dunn Wettre
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey  17101
      VIA ECF

    **Re:    Dabrowski v. Piast Meats & Provisions, Inc. et al.**
           **Docket No. 21-cv-10565-KM-LDW**

Dear Judge Wettre:

    Plaintiff, Miroslaw Dabrowski ("Plaintiff"), and defendants, Piast Meats & Provisions, Inc., Passaic Street Piast Corp., Maria Rybak individually and as the Executrix of the Estate of Henryk Rybak, and Marcin Rybak (collectively, "Defendants") (together, the "Parties"), respectfully submit this joint letter requesting that the Court approve the Parties' settlement of the above-referenced matter.

    Because Plaintiff's action and claims arise under the Fair Labor Standards Act, 29 U.S.C. Section 216(b) ("FLSA"), the Parties' settlement must be reviewed and approved by the Court. *See, e.g.*, ***Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor***, 679 F.2d 1350, 1354 (11th Cir. 1982); ***Cheeks v. Freeport Pancake House, Inc.***, 796 F.3d 199 (2nd Cir. 2015) (holding that given the unique considerations underlying the FLSA, any settlement of claims under the FLSA, which seeks dismissal with prejudice, can only be made pursuant to the approval of the court or of the Department of Labor).

    The Parties' agreement has been memorialized in a fully executed Settlement Agreement and Release (the "Agreement"), a copy of which is annexed hereto as Exhibit 1.  The Parties further represent to the Court, weighing, *inter alia*, the consideration, costs, and uncertainty of further litigation, that the Agreement is fair and proper.  The Parties therefore ask the Court to approve the settlement.

    **Background**

    Plaintiff worked for Defendants from approximately November 2018 to March 2021 as a professional butcher.  Defendants specialize in the production and sale of Polish and European specialty foods/groceries.

    On May 1, 2021 Plaintiff brought this action on behalf of himself and others similarly situated to recover unpaid wages and overtime wages, liquidated damages, and reasonable

attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et. seq.*) ("FLSA"), the common law of the State of New Jersey, and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11, *et. seq.*, and regulations codified thereunder, including, but not limited to, N.J.S.A. 34:11-56a25 ("NJWHL"). Plaintiff alleges that all corporate defendants were an unified operation and, along with the individual defendants were all joint employers of all employees and that, as a result, all Defendants are jointly and severally liable for damages. *See* Amended Complaint (DE 22).

Defendants deny Plaintiff's allegations and assert that Plaintiff was paid in accordance with the law. In particular, Defendants dispute Plaintiff's claim: (1) that he is owed unpaid overtime; (2) that Defendants they breached any contract with Plaintiff or that Defendants were in anyway unjustly enriched; and (3) regarding the number of overtime hours that he supposedly worked. Defendants further contend Plaintiff was an exempt employee. Defendants also vociferously deny that Plaintiff could show a "pattern and practice" of wage violations or that Plaintiff could maintain this action on a collective or a class-wide basis.

After engaging in dispositive motion practice and written discovery, the Parties acknowledge that they each face risks of not being able to prevail on some or all of their claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense, and burdens of further litigation in establishing their respective positions, the Parties, with assistance from the Court, agreed to resolve and settle the case.

### Settlement Terms

The Parties appeared for a settlement conference on March 14, 2022, during which they engaged in good faith, arms-length negotiations and ultimately agreed to a full settlement of Plaintiff's claims against Defendants. As set forth in the Agreement, within 21 days of the Court's approval of the Agreement, Defendants will pay the total sum of $62,500. (See Ex. 1 (1).) From the settlement amount, Plaintiff will receive $41,077.11. (Ex. 1(1)(a)(i-ii).) Plaintiff's counsel shall receive $21,422.89 representing attorneys' fees and costs incurred in connection with this case. As part of the Agreement, the Parties have agreed to mutual releases. (Ex. 1 (2).) The Agreement contains no confidentiality or non-defamation provisions.

### The Court Should Approve the Settlement

A settlement of FLSA claims with prejudice requires approval by either the Department of Labor or the courts. Judicial approval of a wage-and-hour settlement brought under the FLSA depends on whether it is fair and reasonable and resolves a bona fide dispute. *See, e.g.*, **Bredbenner v. Liberty Travel, Inc.**, 2011 WL 1344745, *18 (D.N.J. Apr. 8, 2011). When analyzing a settlement agreement, a court should be mindful of the strong public policy in favor of settlements. **Farris v. JC Penney Co., Inc.**, 176 F.3d 706, 711 (3d Cir. 1999). "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or

applicability." *LaRoche v. Alternate Side of St. Suspended Parking Calendar Corp.*, 2020 U.S. Dist. LEXIS 225197, at *1 (D.N.J. June 23, 2020) (internal quotations omitted).

Here, the proposed settlement resolves bona fide disputes over the number of hours allegedly worked, the amounts paid, and whether Plaintiff was properly classified as an exempt worker. Courts in this Circuit have frequently held that settlements resolving factual disputes, like those at issue here, meet the test of resolving a bona fide dispute. *LaRoche*, 2020 U.S. Dist. LEXIS 225197 at *1 (finding settlement resolved bona fide dispute over number of hours worked and whether Plaintiff was properly classified); *Rogers v. Momeni, Inc.*, No., 2021 U.S. Dist. LEXIS 153677, at *1 (D.N.J. Aug. 13, 2021)(Wettre, J.) ("…[T]he settlement resolves a bona fide dispute over the number of hours plaintiff worked and her entitlement to overtime wages."); *Silva v. C A C Int'l, LLC*, 2019 U.S. Dist. LEXIS, at *1 (D.N.J. May 9, 2019) (Wettre, J.) (settlement resolved a bona fide dispute over, *inter alia*, whether Plaintiff was overtime exempt, the number of hours actually worked, and whether Plaintiff worked more than 40 hours per week).

In addition to resolving bona fide disputes between the parties, the proposed settlement is both fair and reasonable. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *LaRoche*, 2020 U.S. Dist. LEXIS 225197, at *2 (citations omitted).

Here, the proposed settlement reflects a fair and reasonable compromise of the disputed issues. As discussed during the mediation and as reflected in the Agreement, each side recognizes the uncertainty and risks of ongoing litigation, especially in light of the time records produced by Defendants and the affirmative defenses they raised. Moreover, under the terms of the proposed settlement Defendants will be paying all of Plaintiff's alleged lost earnings. Further, the proposed settlement is the product of arm's-length negotiation between parties represented by competent counsel. Nothing in the record shows that the proposed settlement has been achieved through fraudulent or collusive conduct. Moreover, the settlement was reached at a settlement conference presided over by Your Honor.

Moreover, the proposed settlement would not otherwise frustrate the implementation of the FLSA. The Agreement includes no confidentiality provision, non-disparagement clause, or anything precluding Plaintiff from discussing the terms of the Agreement.

Finally, while not necessarily the norm, the Agreement contains a mutual general release binding both Plaintiff and Defendants which, under the circumstances of this case, the Court should approve. Mutual general releases are appropriate because "the mutuality cures the 'concern [] that the waiver unfairly benefits only Defendants." *Xiaoj Zheng v. Cromex, Inc.*, 2018 U.S. Dist. LEXIS 69743, at *2 (S.D.N.Y. Apr. 25, 2018) *quoting* **Lola v. Skadden, Arps, Meagher, Slate & Flom LLP**, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016); *see also* **Gabrielyan v. S.O. Rose Apartments LLC**, 2015 U.S. Dist. LEXIS 135615 at *2 (D.N.J. Oct. 5, 2015) (approving FLSA settlement which included general release). Such mutual general releases are particularly appropriate in cases, such as this one, involving "former employees who have no ongoing relationship with the employer, [] in order to bring complete closure' in FLSA settlements." *Xiaoj Zheng v. Cromex, Inc.*, No. 2018 U.S. Dist. LEXIS 69743, at *2, *quoting* **Souza v. 65 St. Marks Bistro**, No. 15-CV-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y.

Nov. 6, 2015). "Courts have found such releases are an effective way to ensure that 'both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes.'" *Id. quoting* **Souza**, 2015 WL 7271747, at *5; *see also* **Lola v. Skadden, Arps, Meagher, Slate & Flom LLP**, 2016 U.S. Dist. LEXIS 12871 at *2 (S.D.N.Y. Feb. 3, 2016) (approving mutual general release); **Daniels v. Haddad**, 2018 U.S. Dist. LEXIS 212861, at *1 (S.D.N.Y. Dec. 17, 2018) (approving mutual general release).

At bar Plaintiff is a former employee of Defendants who brought both FLSA and non-FLSA claims against his former employers. The mutual release agreed to in the Agreement benefits both Plaintiff and Defendants; it extinguishes Plaintiff's FLSA and non-FLSA claims and thus brings this litigation to a full and complete end. Therefore, mutual general releases contained in the Agreement are appropriate and should be approved.

### Payment of Reasonable Attorney's Fees

At bar, Plaintiff's counsel stands to receive an attorney fee of $20,538.56 and is reimbursed for costs in the amount of $884.34. The attorney fee represents 33 1/3% of the net recovery, after costs, which provision is contained in Plaintiff's retainer agreement with his counsel. Attached herewith as Exhibit 2 and 3 respectively is an invoice for costs and backup documentation for costs.

As part of the fairness analysis, a court must also satisfy itself that attorney fees are also reasonable and that "no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." **Brumley v. Camin Cargo Control, Inc.**, 2012 U.S. Dist. LEXIS 40599, at *9 (D.N.J. March 26, 2012) (citations omitted). Courts in the Third Circuit routinely approve contingency fees of 1/3 of the net settlement amount. *See* e.g. **Bredbenner v. Liberty Travel, Inc**., 2011 U.S. Dist. LEXIS 38663 (D.N.J. Apr. 8, 2011). At bar, the attorneys' fees are 33 1/3% of the net recovery, after costs, which provision is contained in Plaintiff's retainer agreement with his counsel. *See, e.g.,* **LaRoche**, 2020 U.S. Dist. LEXIS 225197, at *2–3 (approving fees which represented 33 1/3% of the total settlement). Considering the amount of work performed at bar, a fee of $20,538.56 is eminently reasonable and represents a substantial discount from a lodestar calculation.

Prior to filing a summons and complaint, Plaintiff's law firm investigated the intricate connections between the corporate defendants and searched the Surrogate's Court's records to ensure that all potential defendants were impleaded. Further, Plaintiff's law firm held numerous conferences in person and by telephone with the Plaintiff; drafted and filed a summons and complaint; opposed a motion to dismiss and drafted and filed an amended complaint; drafted and responded to written discovery; analyzed voluminous documents and prepared detailed damages calculations; participated in two scheduling conferences with the court; participated in a settlement conference; drafted a settlement position statement; and negotiated and revised the proposed settlement agreement and drafted the instant letter motion. In all, attorney Robert Wisniewski spent 65.3 hours on the matter and a pre-admission associate, Barbara Luberadzka, spent 78.8 hours on the matter. Mr. Wisniewski has over 27 years' experience in employment litigation, has litigated numerous casas to verdict, has been certified as class counsel and obtained several important appellate decisions. At his usual hourly rate of $450/hr and a rate of $125/hr for the pre-admission

associate, the lodestar invoice would be a multiple of the contingency fee the law firm is to receive under the Agreement.

Based upon the foregoing facts and considerations, the parties jointly and respectfully request that the Court approve the attached Settlement Agreement of the Parties and retain jurisdiction over the matter until all payments have been made.

Respectfully submitted,

| | |
|---|---|
| */s/ Robert Wisniewski* | */s/ David A. Gold* |
| Robert Wisniewski, Esq. | David A. Gold, Esq. |
| *Counsel for Plaintiff* | *Counsel for All Defendants* |

Enclosures