UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIROSLAW DABROWSKI,<br><br>        Plaintiff,<br><br>v.<br><br>PIAST MEATS & PROVISIONS, INC., *et al.,*<br><br>        Defendants. | Civil Action No.<br><br>21-10565 (LDW)<br><br><br>**ORDER GRANTING JOINT APPLICATION FOR APPROVAL OF FLSA SETTLEMENT** |

**THIS MATTER** comes before the Court on the parties' joint application for settlement approval. (ECF No. 44). The parties have consented to proceed before a Magistrate Judge for all further proceedings, including entry of final judgment. (ECF No. 42).

### I.    Background and Procedural History

1. The parties' proposed settlement resolves all claims in this action.

2. Plaintiff Miroslaw Dabrowski commenced this putative collective action on May 1, 2021, alleging that defendant failed to pay him overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq*. ("NJWHL"). Plaintiff also sought relief for breach of contract and unjust enrichment under the common law of New Jersey. (Complaint, ECF No. 1).

3. Defendants Piast Meats & Provisions, Inc., Maria Rybak, and Marcin Rybak moved to dismiss the Complaint on July 6, 2021. (ECF No. 14). Defendant Passaic Street Piast Corp. answered the complaint on July 9, 2021. (ECF No. 17). Plaintiff filed an Amended Complaint on July 29, 2021, which all defendants moved to dismiss on September 10, 2021. (ECF Nos. 22, 24).

The parties then engaged in fact discovery, including the exchange of initial disclosures and responses to written discovery. Defendants withdrew their motion to dismiss on December 3, 2021 and subsequently answered plaintiff's Amended Complaint on January 5, 2022. (ECF Nos. 37, 38).

## II.    Settlement Terms

4. The parties appeared for a settlement conference before the undersigned on March 14, 2022, during which they engaged in good faith, arms-length negotiations and ultimately agreed to a full settlement of plaintiff's claims.

5. The parties submitted a proposed settlement agreement on May 31, 2022. (ECF No. 44).

6. The parties have agreed to settle this case for a total amount of $62,500.00, as follows:

   a. Defendants have agreed to pay to plaintiff a sum of $41,077.11, with $20,538.56 representing the alleged unpaid wages and $20,538.55 in liquidated damages. (ECF No. 44-1, ¶ 1(a)(i)-(ii)).

   b. Defendants have additionally agreed to pay $20,538.56 in attorney's fees and $884.34 in reimbursement costs to plaintiff's counsel, Robert Wisniewski, P.C. (ECF No. No. 44-1, ¶ 1(a)(iii)).

### III.   Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations and alterations omitted).

9. Here, the settlement resolves bona fide disputes over whether plaintiff was properly classified as an exempt worker, the number of hours plaintiff worked, and the amounts paid to him. (ECF No. 44 at 3). Plaintiff alleged that he worked as a non-exempt butcher and meat cutter at defendants' production facility and was therefore entitled to overtime for time he alleges he worked in excess of forty hours per week. Defendants maintained that plaintiff's responsibilities fell within the definition of "management" under the FLSA, that he held a senior position, and that he was exempt from the FLSA and NJWHL's overtime requirements. They also contend that he did not work as many overtime hours as claimed. The parties further disputed whether defendants breached any contractual duties owed to plaintiff and whether defendants were unjustly enriched. (ECF No. 44 at 2).

10. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether

3

the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

11. The Court has considered the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and finds that the settlement reflects a fair and reasonable compromise of disputed issues. The parties' settlement recognizes the expense of ongoing litigation as well as the risks of establishing liability and damages.

12. Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

13. Finally, the proposed settlement would not otherwise frustrate the implementation of the FLSA. The settlement agreement does not contain a confidentiality provision or non-disparagement clause, nor does it otherwise preclude plaintiff from discussing the terms of the agreement. (ECF No. 44 at 3).[1]

14. Having considered the parties' submission in support of their joint application for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 44-1) and approves the payments to be made to plaintiff as set forth therein.

### IV. Award of Attorneys' Fees and Costs

15. When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would

---

[1] To the extent the agreement provides for plaintiff to provide a general release to defendants, it is permissible in this instance because defendants are also generally releasing plaintiff and plaintiff is dismissing claims beyond the FLSA claim in exchange for the settlement monies.

allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted).

16. Plaintiff's counsel seeks fees totaling $20,538.56, which represents approximately 33.33% of the total settlement amount, as well as litigation costs in the sum of $884.34. (ECF No. 42-1, ¶ 1(a)(iii)). The fee sought is within the range of reasonableness, and the Court approves the proposed fee in light of the length of the litigation and the discovery and motion practice in which counsel engaged. *See, e.g.*, *Bredbenner*, 2011 WL 1344745, at *21 (approving a fee representing 32.6% of the settlement amount, finding that percentage "clearly falls within this range and is entirely consistent with fee awards for similar wage-and-hour cases in this Circuit and throughout the country"); *Laroche v. Alt. Side of the St. Suspended Parking Calendar Corp.*, Civ. A. No. 17-12075 (LDW), 2020 U.S. Dist. LEXIS 225197, *6 (D.N.J. June 23, 2022) (finding a fee representing approximately 33.33% of the total settlement reasonable).

### V.     Conclusion and Dismissal

17. The Court approves the terms and conditions of the settlement agreement.

18. The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

19. This case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the settlement agreement.

20. The Court will retain jurisdiction over this matter for purposes of resolving any disputes between the parties related to the settlement agreement. The retention of jurisdiction shall

expire within 90 days of the date of this Order.

**It is SO ORDERED this 15th day of July, 2022.**

                                             *s/ Leda Dunn Wettre*
                                             Hon. Leda Dunn Wettre
                                             United States Magistrate Judge